IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH JENKINS**,

    Plaintiff,

v.                                                                      Case No. 1:19-cv-00656

**THE CITY OF LAS VEGAS**; **and**
**YET-TO-BE-IDENTIFIED INDIVIDUALS**;

    Defendants.

**COMPLAINT FOR RACE/NATIONAL ORIGINAL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964 AND THE NEW MEXICO HUMAN RIGHTS ACT; VIOLATIONS OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT; VIOLATIONS OF 42 U.S.C., SECTIONS 1981a AND 1983; BAD FAITH BREACH OF EMPLOYMENT CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT TRAINING AND SUPERVISION; AND CIVIL CONSPIRACY**

**COMES NOW** the Plaintiff, Kenneth Jenkins, by and through his legal counsel, Merit Bennett of The Bennett Law Group LLC, and for his complaint against the Defendants, states as follows:

**Jurisdiction**

1.    The Plaintiff brings this action pursuant to the United State Civil Rights Act of 1964, the New Mexico Human Rights Act and the New Mexico Whistleblower Protection Act.

2.    Jurisdiction over the federal claims is proper under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over state law claims, including the New Mexico Human Rights Act, the New Mexico Whistleblower Protection Act and other tort claims pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**Parties**

3. Plaintiff Kenneth Jenkins (hereinafter "Mr. Jenkins") is an African-American male. Mr. Jenkins is a resident of Las Vegas, San Miguel County, New Mexico. Mr. Jenkins was employed as Deputy Chief of Police by the City of Las Vegas from December 1, 2017, to January 1, 2019, when he was illegally forced to retire.

4. At all times relevant to this Complaint, Mr. Jenkins was an "employee" of the City of Las Vegas as defined by the United State Civil Rights Act of 1964, the New Mexico Human Rights Act and the New Mexico Whistleblower Protection Act.

5. Defendants include the City of Las Vegas and its departments, the Department of Finance and Administration and the Police Department.

6. Tonita Gurule Giron ("Giron" or "Tonita Giron" or "Mayor" or "Mayor Giron") was at all relevant times herein the Mayor of the City of Las Vegas, and is soon to be named as an Individual Defendant.

7. Richard Trujillo ("Mr. Trujillo") was at all relevant times herein the City Manager of the City of Las Vegas, and is soon to be named as an Individual Defendant.

8. Anne Marie Gallegos ("Ms. Gallegos"), was at all relevant times herein the Finance Director of the City of Las Vegas, and is soon to be named as an Individual Defendant.

**Essential Facts**

9. Mr. Jenkins served as Deputy Chief of Police for the City of Las Vegas Police Department from December 1, 2017, to January 1, 2019, when he was illegally forced to retire.

10. Mr. Jenkins began his employment with the City of Las Vegas Police Department as a police officer in 1999.

11. Mayor Tonita Gurule Giron took office in April of 2016. **(On June 27, 2019, agents for the New Mexico Attorney General's Office raided her Las Vegas, New Mexico, home to search for evidence of bid-rigging, bribery, kickbacks or other crimes.)**

12. Shortly after she took office in 2016, Mayor Giron hired City Manager Richard Trujillo.

13. In 2016, after noticing and reporting budgetary discrepancies to the City of Las Vegas hierarchy, including to Finance Director Anne Marie Gallegos, Mr. Jenkins was denied payment for his overtime series even though he was specifically allowed to work and be paid overtime associated with particular grants, and Mr. Jenkins' time sheets were modified and/or falsified after his submission of same. Other non-African-American officers were not subjected to similar disparate mistreatment and discrimination.

14. In the Spring and Summer of 2017, as an official representative of the Las Vegas Police Department ("LVPD"), Mr. Jenkins was subjected to unwarranted and discriminatory disciplinary action for "public criticism of superior officers, the city manager or city officials," after he publicly spoke out regarding the LVPD's improper failure to provide for its then inadequate operational and financial needs in an attempt to highlight the need for an adequate budget appropriation in the interests of public safety, which was improperly opposed by City of Las Vegas Manager Richard Trujillo and City of Las Vegas Finance Director Anne Marie Gallegos, who ultimately voted to subject the LVPD to drastic and unreasonable budget cuts.

15. In retaliation for whistleblowing regarding the inadequacy of the LVPD's budget, after Chief of Police Montano retired in December 2017, Mr. Jenkins was denied advancement to

positions that he was qualified to hold, solely because he is an African-American and/or a whistleblower.

16. In December of 2017, Mr. Jenkins was denied the appointment to serve as the interim Chief of Police, while one of his non-African-American and less-qualified subordinates was appointed to be the interim Chief of Police ("Chief").

17. On or about January 31, 2018, Mr. Jenkins was not allowed to represent the interim Chief in his absence at a public event.

18. In May of 2018, Mr. Jenkins interviewed for the Chief of Police position. A non-African-American applicant, Mr. Jerry Delgado, with less experience and qualifications than Mr. Jenkins, was instead hired for the position.

19. In September of 2018, Mr. Jenkins filed a Charge of Discrimination with the EEOC.

20. Mr. Delgado subsequently resigned in October of 2018, following his implication in a public scandal, and Mr. Jenkins was once again denied promotion to the Chief of Police position, again despite being the most qualified candidate.

21. Mr. Jenkins was clearly being denied this promotion because of his race and in retaliation for being a whistleblower and for filing a protected complaint with the EEOC regarding the racial discrimination he was subjected to. Therefore, effective January 2019, Mr. Jenkins was forced to resign and take early retirement in order to avoid being subjected to further discrimination and retaliation.

22. On February 7, 2019, the EEOC issued a Determination in Mr. Jenins' favor for the above-referenced Charge of Discrimination.

## COUNT I

## RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C., SECTION 2000D, *ET SEQ.* (All Defendants, Including Those Yet-to-be-named or identified)

23. Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

24. Defendants, individually and or in conspiracy with one or more of the other Defendants and/or acting on behalf of the City of Las Vegas, discriminated against the Plaintiff by denying him equal opportunity in the terms of Plaintiff's employment in violation of the Civil Rights Act of 1964, 42 U.S.C. Section 2000D, *et seq.*, and such denial of equal opportunity manifested in discrimination against Plaintiff because of his race and/or national origin (African-American) and in retaliation for his filing of protected complaints.

25. Such acts of discrimination and retaliation perpetrated by each and every complicit Defendant have caused the Plaintiff to suffer ongoing emotional and physical distress and other harm, economic loss, denial and/or disruption of employment advancement, loss of back and front pay, loss of benefits and other actual and/or consequential damages, and the Defendants are therefore jointly and/or severally liable for same.

26. One and/or more and/or all of the yet-to-be-identified individual Defendants have perpetrated said race/national origin discrimination and retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants and Plaintiff's employer, Defendant City of Las Vegas, jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count I in an amount to be determined by the jury, for costs and statutory attorney's fees, for punitive damages and for such and further relief as may be available.

### COUNT II

### GENDER, RACE AND NATIONAL ORIGIN DISCRIMINATION AND DEPRIVATION OF FEDERAL AND STATE RIGHTS IN VIOLATION OF TITLE 42 OF THE UNITED STATES CODE, SECTIONS 1981a AND 1983
(All Yet-to-be-identified Individual Defendants)

27. Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

28. The yet-to-be-identified individual Defendants engaged in unlawful and intentional discrimination prohibited under 42 U.S.C., Sections 1981a and 1983, with malice or reckless indifference to the federally protected rights of Plaintiff.

29. The yet-to-be-identified individual Defendants have perpetrated such misconduct under color of state law and, in doing so, have deprived Plaintiff of his rights, privileges and/or immunities secured by the United States and New Mexico Constitutions and federal and state laws, including, but not limited to, the federal and state statutes cited herein and the due process and equal protection clauses of the United States and New Mexico Constitutions.

30. Such violations of 42 U.S.C., Sections 1981a and 1983, have caused and will continue to cause Plaintiff to suffer irreparable damage and harm, thus rendering these yet-to-be-identified individual Defendants jointly and/or severally liable to Plaintiff for all resulting harm.

31. Such discrimination has caused the Plaintiff to suffer harm for which the yet-to-be-identified individual Defendants are jointly and/or severally liable, entitling the Plaintiff to recover from these Defendants, jointly and/or severally, compensatory and punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count II in an amount to be determined by the jury, for costs and statutory attorney's fees, for punitive damages and for such and further relief as may be available.

### COUNT III

### GENDER, RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT, NMSA 1978, SECTION 28-1-1, *ET SEQ.* (All Defendants, Including Those Yet-to-be-named or identified)

32. Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

33. Defendants, individually and or in conspiracy with one or more of the other Defendants, discriminated against the Plaintiff in violation of the New Mexico Human Rights Act, NMSA 1978, Section 28-1-1, *et seq.*, by denying him equal opportunity in the terms of Plaintiff's employment in violation of the New Mexico Human Rights NMSA 1978, Section 28-1-1, *et seq.*, and such denial of equal opportunity manifested in discrimination against Plaintiff because of his race and/or his national origin (African-American) and in retaliation for his filing or assertion of protected complaints.

34. Such acts of discrimination and retaliation perpetrated by each and every complicit Defendant have caused the Plaintiff to suffer ongoing emotional and physical distress and other harm, economic loss, denial and/or disruption of employment advancement, loss of back and front pay, loss of benefits and other actual and consequential damage, and the Defendants are therefore jointly and/or severally liable to Plaintiff for same.

35. All of the individual Defendants have perpetrated said race/national origin discrimination and retaliation intentionally, willfully, wantonly and/or with reckless disregard for

the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count III in an amount to be determined by the jury, for costs and statutory attorney's fees, for punitive damages and for such and further relief as may be available.

### COUNT IV

### VIOLATIONS OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT, NMSA 1978, SECTION 10-16c-1, *ET SEQ*.
(**All Defendants, Including Those Yet-to-be-named or identified**)

36.  Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

37.  The New Mexico Whistleblower Protection Act, NMSA 1978, Section 10-16C-1, *et seq*., at Section 10-16C-3 provides, in part:

> Section 10-16C-3. Public employee retaliation action prohibited.
>
> A public employer shall not take any retaliatory action against a public employee because the public employee:
>
> A.   communicates to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act.

38.  The Plaintiff communicated to the City of Las Vegas, via one or more of the individuals identified above and/or other state employees, the information set forth in this Complaint about the discriminatory, retaliatory and other illegal acts and failures to act of the named parties and individuals, named above or yet-to-be-identified, and of other state employees, which acts and failures to act the Plaintiff believed in good faith to be unlawful and/or improper, to include but not limited to, Plaintiff's reportings of epidemic unlawful discrimination and retaliation,

including a chain-of command conspiracy to commit same, and also Plaintiff's reporting regarding Defendants' violations of hiring and firing practices, destruction of public records, equal pay for equal work and other illegalities as are described above, to include the City's failure to properly and adequately appropriate funds for essential operations.

39. All of the Defendants, including those individuals yet-to-be-named or yet-to-be-identified, either individually or in concert with one or more of the other Defendants, took retaliatory action against, and/or failed to act to protect, the Plaintiff from further retaliation in response to the Plaintiff's communications regarding the Defendants' respective illegal acts and failures to act described throughout this Complaint, in direct violation of the New Mexico Whistleblower Protection Act.

40. Such acts of unlawful retaliation perpetrated by each and every complicit Defendant have caused the Plaintiff to suffer additional emotional and physical distress and other harm, economic loss, denial or disruption of his employment advancement, loss of back and front pay and loss of benefits and other actual and consequential damage, and all Defendants are therefore jointly and/or severally liable to Plaintiff for same.

41. All of the individuals identified above, by and through and on behalf of Defendant City of Las Vegas, perpetrated said discrimination and retaliation intentionally, willfully, wantonly and/or with reckless disregard for Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

42. Pursuant to the New Mexico Whistleblower Protection Act, Plaintiff is also entitled to recover from Defendant City of Las Vegas full reinstatement to the employment advancement

position(s) denied to the Plaintiff as a consequence of the above-described retaliation, together with double back pay, interest, litigation costs, attorney's fees and all other statutory remedies.

**WHEREFORE** Plaintiff prays for judgment on Count IV in an amount to be determined by the jury, for costs, double back pay, interest and statutory attorney's fees and other remedies and for such other and further relief as may be available, including, but not limited to, full reinstatement in the advancement positions denied to the Plaintiff as a consequence of the subject retaliation.

## COUNT V

### BAD FAITH BREACH OF EMPLOYMENT CONTRACT
(Defendant City of Las Vegas)

43. Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

44. Defendant City of Las Vegas, by and through the other named and complicit individuals identified above and yet-to-be-identified Defendants and their perpetration of the aforesaid misconduct against the Plaintiff as set forth above on behalf of the City of Las Vegas, breached (in bad faith) the Plaintiff's contract of employment with the City of Las Vegas, causing the Plaintiff to suffer emotional and physical distress and other harm, economic loss, denial or disruption of his employment advancement, loss of back and front pay, loss of benefits and other actual and consequential damage, and the City of Las Vegas is accordingly liable to the Plaintiff therefor. (The individuals named above and all other yet-to-be-identified individual defendants illegally interfered with and/or secured the breach of said employment contract, also causing the aforesaid harm to Plaintiff.)

**WHEREFORE**, the Plaintiff prays for judgment on Count V in an amount to be determined by the jury, for costs and statutory attorney's fees and for such and further relief as may be available.

## COUNT VI

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
**(Defendant City of Las Vegas)**

45. Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

46. Implied in Plaintiff's contract of employment with the City of Las Vegas is a covenant of good faith and fair dealing, which requires the City of Las Vegas, by and through its sub-agencies, departments and managerial employees, to act at all times and in all matters pertaining to such contract of employment, and to deal with Plaintiff, fairly and in good faith, in order to ensure that the Plaintiff did not suffer unnecessary or unwarranted harm, including any harm resulting from any violation of the law or regulation or from illegal acts of discrimination or retaliation, such as has, in fact, occurred.

47. Defendant City of Las Vegas, by and through the other named and complicit individual Defendants and through other yet-to-be-named employees and as a result of its perpetration of the aforesaid misconduct against the Plaintiff, has violated this covenant of good faith and fair dealing, causing the Plaintiff to suffer emotional and physical distress and other harm, economic loss, denial or disruption of employment advancement, loss of back and front pay, loss of benefits and other actual and consequential damage, and the City of Las Vegas is therefore liable to Plaintiff therefor.

**WHEREFORE**, the Plaintiff prays for judgment on Count VI in an amount to be determined by the jury, for costs and statutory attorney's fees and for such and further relief as may be available.

## COUNT VII

## INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT
### (All Yet-to-be-identified Individual Defendants)

48.     The Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

49.     The individuals named above who are yet-to-be-identified as defendants (Mayor Tonita Giron, Mr. Trujillo and Ms. Gallegos) and other yet-to-be-identified individual Defendants owed Plaintiff a duty not to interfere with Plaintiff's contract of employment with the City of Las Vegas.

50.     The individual Defendants breached said duty owed to Plaintiff by engaging in the acts and/or omissions set forth in this Complaint, thus rendering them liable to Plaintiff, jointly and/or severally, for all consequent harm suffered by Plaintiff.

51.     All of the individual Defendants perpetrated said interference intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count VII in an amount to be determined by the jury, for costs and statutory attorney's fees and for such and further relief as may be available.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Yet-to-be-identified Individual Defendants)

52. The Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

53. By and through the acts and/or omissions described above, one, more and/or all of the individual Defendants, including those yet-to-be-named (including Mayor Giron, Mr. Trujillo and Ms. Gallegos), individually or in conspiracy with each other, intended to and did, in fact, inflict upon Mr. Jenkins severe and extreme emotional distress, for which harm all culpable individual Defendants are jointly and/or severally liable to Plaintiff for all of his consequent harm.

54. All of the individual Defendants perpetrated said retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count VIII in an amount to be determined by the jury, for costs and statutory attorney's fees and for such and further relief as may be available.

## COUNT IX

### NEGLIGENT TRAINING AND SUPERVISION
### (All Defendants)

55. The Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

56. All Defendants, including the individual Defendants yet-to-be-named (especially Defendant Mayor Giron), owed Mr. Jenkins a duty to train and/or supervise City of Las Vegas employees and/or the other yet-to-be-identified individual defendants and/or monitor their job performance, to include especially their interactions with or regarding the Plaintiff, following Plaintiff's submission of his Charge of Discrimination, to insure that there would be no further discrimination and/or retaliation perpetrated against Mr. Jenkins in the terms, conditions and environment of his employment, to include such misconduct as is described hereinabove.

57. The Defendants, individually and/or collectively, breached this duty, allowing illegal discrimination and retaliation to be perpetrated against Mr. Jenkins, to include denial of his employment advancement through promotion and pay raises, which breach(es) has/have caused Plaintiff to suffer emotional and physical distress and financial harm, for which Defendants are jointly and/or severally liable.

58. All of the individual Defendants perpetrated said retaliation intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count IX in an amount to be determined by the jury, for costs and statutory attorney's fees and for such and further relief as may be available.

### COUNT X

### CIVIL CONSPIRACY
### (All Defendants, Including Those Yet-to-be-named or identified)

59. The Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

60.     One or more or all of the Defendants and Individuals, (including Mayor Giron, Mr. Trujillo and Ms. Gallegos and other defendants who are yet-to-be-named or identified), conspired with each other and/or with one or more of the other Defendants to discriminate and/or retaliate against Mr. Jenkins in the terms, conditions and environment of his employment, to include by perpetrating such misconduct as is described hereinabove.

61.     Such conspiracy has caused Plaintiff to suffer emotional and physical distress and financial harm, for which all of the culpable Defendants are jointly and/or severally liable.

62.     All of the complicit individual Defendants perpetrated said conspiracy intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering the individual Defendants jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment on Count X in an amount to be determined by the jury, for costs and statutory attorney's fees and for such and further relief as may be available.

### JURY DEMAND

Plaintiff hereby demands that all issues be tried to a jury.

Respectfully submitted,

THE BENNETT LAW GROUP LLC

By: /s/ Merit Bennett
Merit Bennett, Esq.
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Plaintiff*

15