IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH JENKINS,

    Plaintiff,

v.                                                                                        Civ. No: 19-656 JAP/JHR

THE CITY OF LAS VEGAS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Jenkins filed this lawsuit alleging, *inter alia*, that Defendants discriminated against him and/or retaliated against him in violation of federal and state law. Plaintiff's FIRST AMENDED COMPLAINT ("FAC") (Doc. No. 3) provides the factual basis for these claims. But the FAC also contains certain distasteful statements by Plaintiff that Defendants contest. On August 16, 2019, Defendants moved to strike those statements and an exhibit from the FAC on the grounds that they are immaterial, impertinent, and scandalous under Federal Rule of Civil Procedure 12(f).[1] The Motion is fully briefed.[2] For the following reasons, the Court will grant in part and deny in part Defendants' Motion.

### Background

The underlying dispute arose out of Plaintiff's employment with the City of Las Vegas, New Mexico. Plaintiff, an African-American male, was employed as a deputy-police chief

---

[1] DEFENDANTS' MOTION TO STRIKE SPECIFIC FIRST AMENDED COMPLAINT ALLEGATIONS AND TO STRIKE EXHIBIT ATTACHED TO FIRST AMENDED COMPLAINT ("Motion") (Doc. No. 7).

[2] *See* PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE SPECIFIC FIRST AMENDED COMPLAINT ALLEGATIONS AND TO STRIKE EXHIBIT ATTACHED TO FIRST AMENDED COMPLAINT ("Response") (Doc. No. 10); DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE SPECIFIC FIRST AMENDED COMPLAINT ALLEGATIONS AND TO STRIKE EXHIBIT ATTACHED TO FIRST AMENDED COMPLAINT ("Reply") (Doc. No. 14). Plaintiff sought leave from the Court to file a surreply, which the Court denied. *See* PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY (Doc. No. 19); ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY (Doc. No. 21).

during the period relevant to this lawsuit. FAC at 2. During his employment, Plaintiff claims to have been outspoken about the "inadequacy of the [police department's] budget." *Id.* at 4. Plaintiff asserts that because of this "whistleblowing" or alternatively, because of his race, Defendants denied him advancement to positions he was qualified to hold. *Id.* Accordingly, Plaintiff brought the current action against Defendants.

On July 24, 2019, Plaintiff filed his FAC. *Id.* at 1. Shortly thereafter, Defendants moved to strike three of the statements contained in the FAC. Mot. at 2. For convenience and consistency, the Court sets forth the contested statements in their entirety below.

Defendants first contest FAC Paragraph 11, which states:

Mayor Tonita Gurule-Giron took office in April of 2016. (**On June 27, 2019, agents for the New Mexico Attorney General's Office raided her Las Vegas, New Mexico, home to search for evidence of bid-rigging, bribery, kickbacks or other crimes. She is also now being investigated for voter fraud and elections tampering that date back to 2018.**)

FAC at 3, ¶ 11 (emphasis in original).

Next, Defendants challenge FAC Paragraph 25:

**In their response to Mr. Jenkins Charge of Discrimination, Defendants Gurule-Giron and Trujillo filed sworn affidavits with the EEOC alleging versions of what was said by Mr. Jenkins during meetings they had with him. Unknown to Gurule-Giron and Trujillo, Mr. Jenkins recorded those meetings and therefore has proof that the affidavits they filed with the EEOC, a federal agency, were patently false and therefore perjurious and will ultimately result in their criminal prosecution. These false affidavits confirm the Defendants' illegal intent to discriminate and retaliate against Mr. Jenkins, for which all of the Defendants will be held to account for their joint and several liability**.

*Id.* at 6, ¶ 25 (emphasis in original).

Finally, Defendants dispute the inclusion of FAC Paragraph 26:

**On or about December of 2017, Mr. Jenkins and then Chief of Police Juan Montano met with Thad Porch, Special Auditor for the New Mexico State Auditor's Office, to report Mayor Gurule-Giron's suspicious attempt to get**

**the City to award her construction-company-owner boyfriend, Marvin Salazar, an "emergency" contractor's bid in the approximate amount of $96,000.00 to replace the carpet and wood-flooring at City Hall, <u>which bid reeked of corruption</u>, as there was no "emergency," the bid was patently excessive and Salazar was the Mayor's boyfriend.** As a result of this investigation, the bid of the Mayor's boyfriend was ultimately rejected. **It was this bid-rigging conspiracy with her boyfriend that led to law enforcement's raid on her home on June 27, 2019.** *See Search Warrant attached hereto as Exhibit A.* (Mr. Jenkins later also complained to Mr. Porch about the City's [including the involvement of the Mayor] illegal alteration of Mr. Jenkins' time sheets and failure to compensate him for his documented overtime.)

*Id.* at ¶ 26 (emphases and brackets in original).

Defendants also challenge the inclusion of Exhibit A attached to the FAC. Doc. No. 3-1. Exhibit A is a copy of a search warrant issued for Defendant Gurule-Giron's residence. *Id.* at 2.

## Legal Standard

Federal Rule of Civil Procedure ("Rule") 8(a) describes the requirements of a pleading. Specifically, "[a] pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For those pleadings that go beyond the parameters established in Rule 8, Rule 12(f) provides that "[t]he court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). While courts generally disfavor motions to strike, *see Sundance Servs., Inc. v. Roach*, 2011 WL 13285462, at *2 (D.N.M. June 2, 2011), the decision of whether to strike a portion of the pleadings is within the court's discretion. *See* Fed. R. Civ. P. 12(f).

"Under Rule 12(f), matters are immaterial if 'they have no possible bearing on the controversy.'" *Roach*, 2011 WL 13285462, at *2 (quoting *Lane v. Page*, 272 F.R.D. 581, 587 (D.N.M. 2011) (overruled on other grounds)). Stated another way, "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being

pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Id.* (quoting Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382). Courts in this Circuit treat this as a relevance inquiry. *See, e.g.*, *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010); *D.M. by & through Morgan v. Wesley Med. Ctr. LLC*, 2018 WL 4222382, at *1 (D. Kan. Sept. 5, 2018). Meanwhile, "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Roach*, 2011 WL 13285462, at *2. "In fact, immaterial and impertinent matters often overlap considerably." *Id.* Finally, "'[s]candalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Id.* But to be scandalous, a statement must go beyond "offend[ing] the sensibilities of the objecting party *if* the challenged allegations describe acts or events that are relevant to the action." *Id.* (emphasis added).

The parties dispute whether Rule 12(f) requires a showing of prejudice. Plaintiff argues Defendants' Motion should be denied because Defendants fail to show how they will be prejudiced by the inclusion of the contested statements and exhibit in the FAC. Resp. at 10–11. Defendants respond that a showing of prejudice is not required. Reply at 10–12. Neither party, however, cites to controlling Tenth Circuit authority, seemingly because none exists.

The Court will not require a showing of prejudice under Rule 12(f). The Court first notes that the plain language of Rule 12(f) does not demand the movant make a showing of prejudice. *See* Fed. R. Civ. P. 12(f). Indeed, the Court's discretion to strike matters from the pleadings is specifically constrained by the Rule to those matters that are "redundant, immaterial, impertinent, or scandalous." *Id.* Further, Rule 12(f) permits courts to strike matters *sua sponte*.

*Id.* When a court acts of its own accord, it is indisputable that the Rule imposes no requirement to show prejudice. Additionally, courts in this district have rejected reading a prejudice requirement into Rule 12(f) because the Rule's plain text does not support it. *See Roach*, 2011 WL 13285462, at *2; *Lane*, 272 F.R.D. at 600. Even so, other courts in this Circuit have read such a requirement into the Rule. *See, e.g.*, *Wesley Med. Ctr. LLC*, 2018 WL 4222382, at *3; *MEMdata, LLC v. Intermountain Healthcare, Inc.*, 2009 WL 10689800, at *2 (D. Utah Apr. 8, 2009). But the Court is not persuaded by that approach. Because the Rule makes no mention of prejudice and permits a court to strike material *sua sponte*, the Court will not require a showing of prejudice.

With these principles in mind, the Court turns to the parties' arguments.

**Discussion**

A. FAC Paragraph 11

The first sentence of Paragraph 11 is uncontroversial. Defendants do not contest that Defendant Gurule-Giron took office as Mayor in April 2016.[3] They do, however, take issue with the subsequent two sentences, which describe a police raid on Defendant Gurule-Giron's home and state that she is currently under investigation for illegal activity. *See* Mot. at 5; FAC at 3, ¶ 11. According to Defendants, these two sentences are immaterial and scandalous. Mot. at 5. Specifically, Defendants argue that the statements are immaterial because they reference an unrelated investigation that postdates the allegations in this case and because the allegations do not involve Plaintiff. *Id.* Defendants further argue that the statements are scandalous because the statements are derogatory and read more like a press release than a pleading. *Id.* at 7. Meanwhile, Plaintiff is adamant that the allegations evince a pattern or practice of illegal conduct by the Mayor and are thus relevant as habit evidence. Resp. at 7–8. According to Plaintiff, Defendant

---

[3] NAMED DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT ("Answer") (Doc. No. 9).

5

Gurule-Giron's alleged habit of violating the law, shows that she likely acted in conformance with that habit when she purportedly discriminated and/or retaliated against Plaintiff. *Id.* at 8–9.

The contested statements are scandalous. "Irrelevant allegations will be stricken as scandalous only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court." *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1185 (D.N.M. April 15, 2010). Here, the Court is concerned that the statements degrade Defendant Gurule-Giron's moral character by implying she is prone to criminality. The Court believes that the statements "improperly cast[ ] a derogatory light" on Defendant Gurule-Giron. *See Roach*, 2011 WL 13285462, at *2. Thus, they will be stricken.

Further, the Court believes that the contested statements in Paragraph 11 are immaterial to the host of claims Plaintiff brings against Defendants. Importantly, Plaintiff alleges that Defendants discriminated against him based on his race and/or national origin in violation of Title VII (Count I), 42 USC §§ 1981a and 1983(Count II), and the New Mexico Human Rights Act (Count III). FAC at 7–9. He also asserts that Defendants retaliated against him in violation of the New Mexico Whistleblower Protection Act (Count IV). *Id.* at 11. He further claims that Defendants breached Plaintiff's employment contract in bad faith (Count V) and breached the implied covenant of good faith and fair dealing (Count VI), intentionally interfered with his employment contract (Count VII), and engaged in tortious conduct covered by the New Mexico Tort Claims Act. *Id.* at 12–16. Plaintiff's claims under the New Mexico Tort Claims Act include: (1) intentional infliction of emotional distress (Count VIII); (2) negligent training and supervision (Count IX); and (3) civil conspiracy (Count X). *Id.* at 15–16. Allegations that "agents for the New Mexico Attorney General's Office raided [Defendant Gurule-Giron's] Las Vegas, New Mexico, home to search for evidence of bid-rigging, bribery, kickbacks or other

crimes" and that "[s]he is also now being investigated for voter fraud and elections tampering that date back to 2018" have no essential or important relationship to Plaintiff's claims for relief. FAC at 3, ¶ 11 (emphasis omitted). In fact, Plaintiff does not argue these statements have any direct relevance to his claims. Instead, Plaintiff concocts a novel theory based on habit evidence. Resp. at 8–9. Under Federal Rule of Evidence 406, "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . ." Fed. R. Evid. 406. But the drafters limited the use of habit evidence—there must be a threshold showing of relevance. *See New Mexico ex rel. Balderas v. Real Estate Law Ctr., P.C.*, 2019 WL 3037855, at *25 (D.N.M. July 11, 2019) ("Rule 406 is a rule of relevance.") (citation omitted). Here, Plaintiff argues that

> [i]t is clear that the evidence of the Mayor's illegal self-dealing and favoritism is admissible in this case to prove that her illegal discrimination and retaliation against Plaintiff herein was born out of her own personal and deliberate intent to illegally discriminate against the Plaintiff simply because "she wanted to" violate the law and discrimate [sic] against "the Negro," just as she personally and deliberately intended to illegally enrich her boyfriend with public contracts, again violating the law simply because "she wanted to."

*Id.* at 9.

Plaintiff, however, fails to provide the Court any authority for his position that mere allegations of illegal conduct unrelated to the claims at issue are relevant and can be introduced as habit evidence. Habit evidence describes "a semi-automatic act," and "the very nature of [which] is that it is done reflexively." *United States v. Oldbear*, 568 F.3d 814, 822 (10th Cir. 2009) (internal citations omitted). "And it should go without saying that illegal acts such as embezzlement cannot properly be characterized as semi-automatic or reflexive." *Id.* The Court concludes the same principle applies to a purported habit for "violat[ing] the law," Resp. at 9—it is not the kind of reflexive response admissible as habit evidence. Thus, the contested statements

are not habit evidence. Nor are they essential to Plaintiff's claims. The Court will therefore strike the contested statements in Paragraph 11 on the grounds that they are scandalous and immaterial.

B. FAC Paragraph 25

Paragraph 25 refers to conversations between Plaintiff and Defendants Gurule-Giron and Trujillo. *See* FAC at 6, ¶ 25. According to Plaintiff, Defendants Gurule-Giron and Trujillo perjured themselves in affidavits provided to the EEOC. *Id.* Plaintiff claims to have proof that Defendants lied in the affidavits—Plaintiff purportedly recorded meetings with Defendants Gurule-Giron and Trujillo, and the recordings supposedly contradict Defendants' statements in the EEOC affidavits. *Id.* Plaintiff theorizes that the recordings "will ultimately result in [Defendants Gurule-Giron and Trujillo's] criminal prosecution." *Id.* (emphasis omitted). He further posits that "[t]hese false affidavits confirm the Defendants' intent to discriminate and retaliate against [him], for which all of the Defendants will be held to account for their joint and several liability." *Id.* (emphasis omitted). Defendants argue these statements are immaterial and impertinent. Mot. at 5–6. Curiously, Plaintiff does not respond directly to this argument. Plaintiff does, however, appear to renew his argument regarding habit evidence.[4]

Unlike the contested statements in Paragraph 11, the Court finds that the statements in Paragraph 25 meet the threshold requirement of materiality. Plaintiff asserts that Defendants discriminated against him. *See* FAC at 7–9 (Counts I, II, and III). Allegations that Defendants lied to the EEOC regarding the EEOC's discrimination investigation are thus material to Plaintiff's claim.

The Court, however, concludes that portions of Paragraph 25 are impertinent and will strike those portions of Paragraph 25. Specifically, Plaintiff asserts that Defendants' statements

---

[4] Plaintiff's Response focuses solely on allegations in the FAC regarding Defendant Gurule-Giron. He does not specifically respond to Defendants' challenges to Paragraph 25, which includes both Defendant Gurule-Giron and Defendant Trujillo. *See generally* Response.

in the affidavit were "perjurious and will ultimately result in their criminal prosecution." *Id.* at 6, ¶ 25 (emphasis omitted). First, Plaintiff's reference to "perjurious" statements calls for a legal conclusion. And requiring such a legal conclusion does not align with our pleading requirements. *See* Fed. R. Civ. P. 8(a)(2) ("[a] pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Second, the Court believes that Plaintiff's speculation about potential criminal prosecution "do[es] not pertain, and [is] not necessary, to the issues in question." *Roach*, 2011 WL 13285462, at *2. Speculation of this nature is more apt for a tabloid than a court filing. *Cf. Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)). Accordingly, the Court will strike references to perjurious statements and potential criminal prosecution from Paragraph 25.[5]

C. FAC Paragraph 26

Defendants challenge the inclusion of Paragraph 26 as immaterial and impertinent for the same reasons as Paragraph 25. Mot. at 6. Paragraph 26 states in full:

> **On or about December of 2017, Mr. Jenkins and then Chief of Police Juan Montano met with Thad Porch, Special Auditor for the New Mexico State Auditor's Office, to report Mayor Gurule-Giron's suspicious attempt to get the City to award her construction-company-owner boyfriend, Marvin Salazar, an "emergency" contractor's bid in the approximate amount of**

---

[5] Paragraph 25 should now read:
> **In their response to Mr. Jenkins Charge of Discrimination, Defendants Gurule-Giron and Trujillo filed sworn affidavits with the EEOC alleging versions of what was said by Mr. Jenkins during meetings they had with him. Unknown to Gurule-Giron and Trujillo, Mr. Jenkins recorded those meetings and therefore has proof that the affidavits they filed with the EEOC, a federal agency, were patently false ~~and therefore perjurious and will ultimately result in their criminal prosecution~~. These false affidavits confirm the Defendants' illegal intent to discriminate and retaliate against Mr. Jenkins, for which all of the Defendants will be held to account for their joint and several liability.**

*Id.* (strikethrough added).

> **$96,000.00 to replace the carpet and wood-flooring at City Hall, <u>which bid reeked of corruption</u>, as there was no "emergency," the bid was patently excessive and Salazar was the Mayor's boyfriend.** As a result of this investigation, the bid of the Mayor's boyfriend was ultimately rejected. **It was this bid-rigging conspiracy with her boyfriend that led to law enforcement's raid on her home on June 27, 2019.** *See Search Warrant attached hereto as Exhibit A.* (Mr. Jenkins later also complained to Mr. Porch about the City's [including the involvement of the Mayor] illegal alteration of Mr. Jenkins' time sheets and failure to compensate him for his documented overtime.)

FAC at 6, ¶ 26 (emphases and brackets in original).

The Court concludes that certain portions of Paragraph 26 are relevant to Plaintiff's retaliation claim and thus will not strike Paragraph 26 in its entirety as immaterial. Specifically, Plaintiff asserts that he is a whistleblower and that Defendants retaliated against him. FAC at ll. Accordingly, the Court believes that allegations that Plaintiff escalated concerns about Defendant Gurule-Giron and the City are relevant to his relation claim. But Plaintiff's statement that "**[i]t was this bid-rigging conspiracy with her boyfriend that led to the law enforcement's raid on her home on June 27, 2019.** *See Search Warrant attached hereto as Exhibit A*" is indeed immaterial and impertinent. *Id.* at 6, ¶ 26 (emphases in original). The Court has already concluded that references to the search of Defendant Gurule-Giron's residence are immaterial to Plaintiff's claims. *See infra* Part A. The Court adopts the same conclusion here. The Court will strike the above identified statement and citation from Paragraph 26.[6]

---

[6] Paragraph 26 should now read:
> **On or about December of 2017, Mr. Jenkins and then Chief of Police Juan Montano met with Thad Porch, Special Auditor for the New Mexico State Auditor's Office, to report Mayor Gurule-Giron's suspicious attempt to get the City to award her construction-company-owner boyfriend, Marvin Salazar, an "emergency" contractor's bid in the approximate amount of $96,000.00 to replace the carpet and wood-flooring at City Hall, <u>which bid reeked of corruption</u>, as there was no "emergency," the bid was patently excessive and Salazar was the Mayor's boyfriend.** As a result of this investigation, the bid of the Mayor's boyfriend was ultimately rejected. ~~**It was this bid-rigging conspiracy with her boyfriend that led to law enforcement's raid on her home on June 27, 2019.** *See Search Warrant attached hereto as Exhibit A.*~~ (Mr. Jenkins later also complained to Mr. Porch about the City's [including the involvement of the Mayor] illegal alteration of Mr. Jenkins' time sheets and failure to compensate him for his documented overtime.)

*Id.* (strikethrough added).

D.  FAC Exhibit A

Finally, Defendants argue that Exhibit A—a search warrant of Defendant Gurule-Giron's home—should be stricken because it is scandalous. Mot. at 7–8. For the same reasons the Court found that statements in Paragraph 11 scandalous, the Court also concludes Exhibit A is scandalous. The Court will strike Exhibit A.

**Conclusion**

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Strike Specific First Amended Complaint Allegations and to Strike Exhibit Attached to First Amended Complaint (Doc. No. 7) consistent with this Memorandum Opinion and Order. The Court's partial denial of Defendant's Motion should not be interpreted as approval of Plaintiff's approach to pleadings. The Court does not condone the tenor of Plaintiff's FAC.

_____
SENIOR UNITED STATES DISTRICT JUDGE